UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD A. SHANEYFELT, JR. | CIVIL ACTION |
| VERSUS | NO: 20-1858 |
| NORFOLK DREDGING CO. | SECTION: "A" (1) |

## **ORDER AND REASONS**

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 10)** filed by the defendant, Norfolk Dredging Co. The plaintiff, Ronald A. Shaneyfelt, Jr., opposes the motion. The motion, submitted for consideration on October 28, 2020, is before the Court on the briefs without oral argument.

The plaintiff, Ronald A. Shaneyfelt, Jr., filed this maritime action to recover for injuries that he sustained on April 10, 2020, while working aboard the M/V ESSEX. The plaintiff explains that when he was entering a cabin on the vessel, the watertight steel door came unlatched, slamming his left hand in the doorway. (Rec. Doc. 13, Opposition at 2). Plaintiff's left index finger was lacerated in the incident and subsequently became infected. (*Id.*).

Norfolk Dredging allegedly employed the plaintiff and owned/operated/controlled the vessel at the time of the injury.[1] The complaint does not identify where the vessel

---

[1] The complaint refers to the vessel as the M/V ESSEX. In its motion to dismiss, Norfolk Dredging refers to the vessel as the M/V DUKE. The name of the vessel is immaterial to any issues currently before the Court. At least for purposes of the motion to dismiss, Norfolk Dredging does not dispute that the plaintiff was injured aboard one of its vessels and that he was a Jones Act seaman. Norfolk Dredging's Safety and Personnel Director explained in his declaration that on the date of the alleged incident, Shaneyfelt was employed by Norfolk

1

was located at the time of the injury or where the plaintiff is domiciled. Norfolk Dredging is alleged to be a Louisiana corporation doing business in this state. (Rec. Doc. 1, Complaint ¶ I).

Norfolk Dredging now moves to dismiss the complaint for lack of personal jurisdiction or alternatively to transfer the case to the Eastern District of Virginia, where according to Norfolk Dredging, both jurisdiction and venue would be proper. Norfolk Dredging also moves to dismiss Plaintiff's claim for punitive damages.

At the outset, Norfolk Dredging disabuses the plaintiff and the Court of the notion that it is a Louisiana corporation—as it turns out, Norfolk Dredging is a corporation organized under the laws of Virginia with its principal place of business in Virginia. (Rec. Doc. 10-4 Exhibit 3, Newton decl.). According to Norfolk Dredging the incident sued upon did not occur in Louisiana but rather upon navigable waters in the vicinity of Delaware City, Delaware. Norfolk Dredging has surmised from its payroll records that Plaintiff resides in Thibodaux, Louisiana and is therefore domiciled in this forum.

Plaintiff does not dispute any of the foregoing geographical clarifications but he adds that after receiving immediate medical treatment in Delaware following the injurious incident he returned to Louisiana for further medical treatment and has remained here since then (mid-April 2020). (Rec. Doc. 13, Opposition at 2).

Norfolk Dredging's primary contention is that it is not subject to personal jurisdiction in the courts of this state. Norfolk Dredging points out that this case has no relationship to Louisiana aside from the plaintiff's residence here, and therefore it is not

---

Dredging as a deckhand aboard the Dredge Essex and was serving on the Dredge Tender Duke. (Rec. Doc. 10-2, Exhibit 1 Slifer decl. ¶ 5).

subject to specific personal jurisdiction in Louisiana in connection with Plaintiff's injuries. Furthermore, Norfolk Dredging contends that it lacks the requisite contacts with Louisiana so as to allow a court in this state to exercise general personal jurisdiction over it.

The determinative question before the Court is whether the plaintiff has made a prima facie showing that exercising personal jurisdiction over Norfolk Dredging comports with the due process clause of the Fourteenth Amendment. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (recognizing that prima facie is the proper showing in a no hearing situation); *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990) (recognizing that Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause). To determine whether the plaintiff has made the requisite showing the district court considers the allegations in the pleadings as well as "the contents of the record at the time of the motion." *Frank v. P N K (Lake Charles), LLC*, 947 F.3d 331, 336 (5th Cir. 2020) (quoting *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 96, 101 (5th Cir. 2018)).

To determine whether exercising personal jurisdiction comports with due process the court considers whether the plaintiff has demonstrated that the minimum contacts necessary to confer either general or personal jurisdiction are present. *See Libersat v. Sundance Energy, Inc.*, No. 20-30121, -- F.3d -- 2020 WL 6265864, at *2 (5th Cir. Oct. 26, 2020) (citing *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)).

Plaintiff maintains that both general and specific personal jurisdiction are satisfied in this case. As to both types of personal jurisdiction the plaintiff noted in his opposition that jurisdictional discovery is still being conducted, and therefore if the Court were

inclined to rule in favor of the defendant, the motion should be denied as premature. The Court rejects the prematurity suggestion for two reasons. First, Plaintiff's burden at this juncture is only a prima facie showing and this lighter burden (as opposed to the preponderance of the evidence burden) takes into consideration the fact that discovery has not been completed or perhaps even started. Second, as part of its reply memorandum Norfolk Dredge has included the requested discovery responses that were propounded along with Plaintiff's opposition to the motion to dismiss. (Rec. Docs. 21-1 to 21-3, Exhibits A, B, & C). The Court turns its attention to general and specific personal jurisdiction.

General jurisdiction exists over a non-resident defendant when its "affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Frank*, 947 F.3d at 336 (quoting *Goodyear Dunlop Tires Opers., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For corporations it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Id.* (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)). Thus, just because a corporation has identifiable operations in a given state does not mean that it is subject to general jurisdiction in that state even if those operations can fairly be described as continuous and systematic—those continuous and systematic contacts must be sufficient to trigger "at home" status for the corporation. *See id.* (citing *Goodyear*, 564 U.S. at 919; *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014); *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549 (2017)).

Courts employ a three-step analysis when considering whether specific

jurisdiction is proper: (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; ***(2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts;*** and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Libersat*, 2020 WL 6265864, at *2 (emphasis added) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). Specific jurisdiction is also referred to as "case-linked jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 284 n.6 (2014) (citing *Goodyear*, 564 U.S. at 919). The specific jurisdiction inquiry focuses on "the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 284 (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775 (1984)). For a state to exercise specific personal jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum state. *Id.* Importantly, the relationship must arise out of contacts that the "defendant *himself*" creates with the forum state not simply with persons who reside there. *Walden*, 571 U.S. at 284-85 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). The convenience of the plaintiff and his contacts with the forum state are not factors in the defendant-focused due process determination. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984)).

    The Court now turns to the jurisdictional contacts at issue in this case. As noted above, Norfolk Dredging's home state is Virginia—the state of its incorporation and principal place of business. (Rec. Doc. 10-4, Exhibit 3 Newton decl. ¶ 3). Norfolk Dredging has never homeported any vessels in Louisiana. It has never maintained a

permanent business presence in Louisiana. (*Id.* ¶ 4). In corporate memory, Norfolk Dredging has only performed one project in Louisiana, which was in and around Lake Pontchartrain during the June 2016-2017 timeframe. The self-propelled dredge PULLEN was used for that project. (*Id.* ¶ 6). Since the completion of its work on Lake Pontchartrain, PULLEN, along with two of its attendant vessels, remains in Louisiana on a temporary basis until it is needed. It has performed no other work in Louisiana; it is presently manned by a two-person caretaker crew. (*Id.* ¶ 8).

Norfolk Dredge's jurisdictional discovery responses demonstrate that only three Louisiana residents were employed by Norfolk Dredging in 2019 and 2020. (Rec. Doc. 21, Exhibit B). They worked outside of Louisiana in other states. (*Id.*) During this time period neither the PULLEN nor its two attendant vessels have been operated; they have sat idle. Further, neither of the caretakers for the PULLEN are Louisiana residents. *See id.*

In his opposition, which was prepared before Plaintiff had Norfolk Dredging's discovery responses,[2] Plaintiff points out that Norfolk Dredging employed him all the while knowing that he is from Louisiana, that it employs other Louisiana residents, and has conducted business in Louisiana. Pointing to Secretary of State filings in this state, Plaintiff points out that Norfolk Dredging has a designated primary place of business in

---

[2] Norfolk Dredging advises that those discovery requests were propounded on the same day that Plaintiff filed his opposition to the motion to dismiss. (Rec. Doc. 21, Reply at 4). The Court notes that the defense of personal jurisdiction appears in the record for the first time in Norfolk Dredging's motion to dismiss, which was not filed until October 13, 2020. Thus, it is not remarkable that the jurisdictional discovery requests were not propounded until the opposition was filed, which was only seven days after the motion was filed.

Louisiana and has a designated registered agent for service of process in Louisiana.[3] Plaintiff points out that all of his follow-up medical treatment has taken place in his home state of Louisiana.

Norfolk Dredging is a foreign, non-resident corporation. Its sporadic and limited business activity in this state falls woefully short of the systematic and continuous contacts necessary to meet the requirements of general jurisdiction. That a defendant might not be a complete stranger to a state or even conduct some limited operations in a state does not imply that it is "at home" in that state for purposes of exercising personal jurisdiction. Plaintiff has not made out a prima facie case of general jurisdiction.

Plaintiff likewise has not made a prima facie showing that Norfolk Dredging is subject to specific jurisdiction in Louisiana for the incident at issue here, which occurred outside of Louisiana. Like general jurisdiction, specific jurisdiction must be based on the *defendant's* activities in Louisiana not the plaintiff's. That Norfolk Dredging knowingly hired someone from Louisiana says nothing about the company's purposely-directed contacts with this state. In fact, it does not even imply that Norfolk Dredging directed any activities toward Louisiana in conjunction with hiring the plaintiff, much less that it actively recruited him in Louisiana for employment outside of Louisiana. Given that Plaintiff had worked for the company in the past it is entirely possible if not likely that he

---

[3] The Court notes that the address provided for the "Registered Office in Louisiana" is the office address for C T Corporation System, the company designated as the registered agent for the non-Louisiana business corporation. (Rec. Doc. 12-1, Exhibit 4). No explanation has been provided for the Baton Rouge address on Corporate Blvd. provided to the Louisiana Secretary of State as Norfolk Dredging's "Principal Business Establishment in Louisiana."

7

initiated contact with Norfolk Dredging to obtain his most recent employment with the company. While it is certainly true that Plaintiff would not have been injured on Norfolk Dredging's vessel if the company had not hired him, it does not follow that his claim for personal injuries sustained in or near Delaware relate to whatever contacts Norfolk Dredging had with this state, if any, when hiring the plaintiff.

Plaintiff has specifically requested that if the Court finds that personal jurisdiction or venue is wanting in this district, the Court dismiss the case without prejudice in lieu of transferring it to a jurisdiction suggested by Norfolk Dredging. (Rec. Doc. 13, Opposition at 11). Having concluded that Norfolk Dredging is not subject to personal jurisdiction in the courts of this state for the plaintiff's injuries, the Court dismisses this action without prejudice.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 10)** filed by the defendant, Norfolk Dredging Co. is **GRANTED**. The complaint is dismissed without prejudice.

November 10, 2020

*[signature]*
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE